UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES J. DUNN,

                    Plaintiff,

    -against-                                          9:98-CV-0693
                                                       (LEK/DRH)
WILLIAM E. CARRIER, *et al.*,

                    Defendants.

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 3 2007

LAWRENCE K. BAERMAN, CLERK
ALBANY

---

## **DECISION AND ORDER**

### **I. Background**

Plaintiff James J. Dunn ("Plaintiff") has filed a Motion for reconsideration (Dkt. No. 117) of this Court's Order of February 15, 2006 (Dkt. No. 113), which dismissed Plaintiff's case for non-compliance with the Court's September 1, 2005 Order and for failure to prosecute.[1] Familiarity with the facts and background of this case is presumed.

Plaintiff argues that he did, indeed, mail a copy of his Amended Complaint and other documents for filing to this Court, for which he has submitted return receipts signed by "D. Tibbetts" and "P. Steves" of this Court's Clerk's Office. See Motion for Reconsid. & Exs. (Dkt. No. 117). Plaintiff contends that his filings were made on time, pursuant to the Court's September 2005 Order, and that service on the one prospective Defendant, Gary Schultz ("Schultz"), was

---

[1] Plaintiff filed the present Motion, and followed that with a Notice of Appeal to the United States Court of Appeals for the Second Circuit. See Dkt. Nos. 115, 117. While a Notice of Appeal would normally divest this Court of jurisdiction, in the context of pending Motions for Reconsideration the Court of Appeals is divested of jurisdiction until Plaintiff's Motion is decided by this Court. See Mickens v. United States, No. 97-CV-2122 JS, 2006 WL 2505252, at *1 (E.D.N.Y. Aug. 28, 2006). Thus, this Court herein considers and decides Plaintiff's Motion accordingly.

delayed by four months because the U.S. Marshals Service was unable to locate the prospective

Defendant for service, and Plaintiff needed to contact and hire a private process server, on his own,

to complete service.[2]  See Dkt. No. 117.  Plaintiff alleges that although he mailed the required

papers to this Court, and has the return receipts proving receipt of mailing, this Court did not docket

the filings, and that his failure to comply was actually an error by this Court's Clerk's Office staff.

See id.  Schultz, the only remaining potential Defendant in this matter, states that since no

Complaint has ever been filed with the Court in this matter naming Schultz as a Defendant, and

considering that Schultz has never appeared, and this Court dismissed Plaintiff's action previously,

Schultz takes no position on Plaintiff's Motion for reconsideration.  See Deft./Non-Party's Resp.

(Dkt. No. 119).

Since Plaintiff has not specified whether he seeks reconsideration and alteration of the prior

judgment under Federal Rule of Civil Procedure 59 or 60(b), see Motion for Reconsid. (Dkt. No.

117), the Court will evaluate Plaintiff's Motion under both Rules when deciding the Motion.

## II.  Discussion

Courts have found that District Courts are vested with broad discretion in reviewing, and

granting or denying, motions to alter, amend or modify judgments.  See, generally, Baker v.

Dorfman, 239 F.3d 415, 427 (2d Cir. 2000) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d

Cir.1983) (per curiam)); Baez v. S. S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975), cert. denied,

S. S. Kresge Co. v. Baez, 425 U.S. 904 (1976).

---

[2] The Court notes that while Plaintiff claims that he needed to contact and hire a private
process server to serve Schultz, Plaintiff was granted use of the Marshals Service to serve the
prospective Defendant because the Court had previously granted Plaintiff *in forma pauperis* status.
See July 1998 Order (Dkt. No. 6).

Furthermore,

> Under the Federal Rules of Civil Procedure, a motion to alter or amend a judgment provides an efficient mechanism by which the trial court judge can correct an otherwise erroneous judgment without implicating the appellate process. Such a motion is appropriate if there is intervening change in controlling law, new evidence not previously available comes to light, or it becomes necessary to remedy a clear error of law or to prevent obvious injustice. However, a motion under Fed. R. Civ. P. 59(e) is not appropriately used to present new issues or evidence. Thus, a motion to amend or alter a final judgment cannot be used to raise arguments which could and should have been made before the trial court entered final judgment, nor is it intended to give an unhappy litigant one additional chance to sway the judge. Where the plaintiff brings up nothing new, the court has no proper basis upon which to alter or amend the order previously entered.

47 AM. JUR. 2D *Judgments* § 658 (2006) (footnotes omitted). And, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." Rodick v. City of Schenectady, 155 F.R.D. 29, 29 (N.D.N.Y. 1994) (McAvoy, C.J.) (citing Larsen v. Ortega, 816 F. Supp. 97, 114 (D. Conn. 1992)).

Furthermore, Rule 60(b) states, in relevant part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... (4) the judgment is void;... or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

The Court has reviewed the relevant law, and Plaintiff's proffered arguments, facts and evidence, and has determined that Plaintiff has failed to meet the standards set forth above, as required for success on his Motion.

### III. Conclusion

Based on the foregoing discussion, it is hereby

3

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 117) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    January 2, 2007
Albany, New York

HONORABLE LAWRENCE E. KAHN
United States District Judge

4